UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LORI CLAYMONT,

                        Plaintiff,

        -against-                        Docket No.: **07-CV-8246 (SAS)**

PETER SABOURIN, GEORGE IRWIN,            **AFFIDAVIT**
PATRICK KEAVENEY, SABOURIN
AND SUN CANADA, INC., 1261746
ONTARIO INC., SABOURIN AND SUN
GROUP OF COMPANIES, INC. (SSGC),
SABOURIN AND SUN INC., SUNSEEKER
GROUP, LTD., A BAHAMAS
CORPORATION, SABOURIN AND SUN BBI
TRUST, INTERVEST DIRECT INC., AND
OVERWEIGHT PEOPLE.COM, INC.,

                        Defendants.
----------------------------------------------------------X
STATE OF NEW YORK)
                        ) SS:
COUNTY OF NASSAU)

        Daniel R. Olivieri, Esq., being duly sworn deposes and says that:

        1.      Your deponent is an attorney licensed to practice law in the State of New York

and admitted to practice before the United States District Court for the Southern District of New

York.

        2.      I am a member of the firm of Martello, LaMagna, and Olivieri, P.C. attorneys for

the Plaintiff LORI CLAYMONT.

        3.      This Affidavit is in support of the Order to Show Cause of the Plaintiff for an

application for the purpose of obtaining Court directed service by publication on Defendants

PETER SABOURIN (hereinafter "SABOURIN") and SABOURIN AND SUN, INC.,

SABOURIN AND SUN CANADA, INC., 1261746 ONTARIO INC, SABOURIN AND SUN

GROUP OF COMPANIES, INC. (SSGC), SABOURIN AND SUN, BBI TRUST, SUNSEEKER GROUP, LTD., A BAHAMAS CORPORATION, INTERVEST DIRECT INC., (hereinafter "SABOURIN COMPANIES") pursuant to F.R.C.P. 4(f)(3)and providing for an extension of time for such service, for an additional one hundred and twenty (120) days pursuant to F.R.C.P. 4(m).

4.      On September 21, 2007, Plaintiff filed a summons and complaint in this action bearing docket number 07-CV-8246 alleging that SABOURIN was the ringleader of a scheme to defraud investors, among them the Plaintiff, by promising them outsized, riskless, returns in offshore investments offered by SABOURIN, the other individual Defendants PATRICK KEAVENEY (hereinafter "KEAVENEY") and GEORGE IRWIN (hereinafter "IRWIN"), and through the Defendant SABOURIN COMPANIES sued herein. (See Summons and Complaint attached hereto as Exhibit "A")

5.      Instead of investing the money of those who trusted them, the defendants simply took their money and absconded with it.

6.      In addition to the proceedings before this Court, SABOURIN, KEAVENEY, IRWIN, and certain of the SABOURIN COMPANIES are currently the subject of proceedings brought by the Ontario Securities Commission. It is believed that SABOURIN and his cohorts are responsible for defrauding clients of more than $20 million USD. A hearing in that matter is scheduled for mid- April 2008. (See Ontario Securities Commission action attached hereto as Exhibit "B")

7.      Furthermore, SABOURIN and his associates were involved in a suit before the Superior Court of Justice - Ontario bearing docket number 06-CL-0633 wherein the Plaintiff Judith Laiken was awarded a judgment with costs in excess of $1 million, for the very scheme to

defraud through which the Plaintiff has suffered. (See Judgments of Ontario Court attached hereto as Exhibit "C")

8.      On behalf of the Plaintiff, my firm has retained the services of Unitel, Inc. for the purposes of serving process on the defendants and ascertaining their whereabouts. I have had repeated contact with Bill Callahan Vice President of Unitel, in the course of the last several months as his sources attempted to find SABOURIN and the other co-defendants.

9.      Using their extensive contacts in Canada, Unitel was able to serve, through their agent's defendants KEAVENEY and IRWIN. The affidavits of Service concerning those defendants were filed with this court on January 2, 2008. (See Affidavits of Service on KEAVENEY and IRWIN attached hereto as Exhibit "D")

10.     After filing the Summons and Complaint in this matter, Peter W.G. Carey, an attorney in Toronto who was listed as counsel for SABOURIN in the civil matters in Ontario was also served. Mr. Carey did not accept service on behalf of SABOURIN or the corporate defendants because he claimed he was not authorized to do so for purposes of this matter. (See Affidavit of Service on Peter W.G. Carey and Proof of his Representation of SABOURIN, attached hereto as Exhibit "E")

11.     Working, in concert with Bill Callahan from Unitel, Inc., my staff and I came to be in contact a number of people in Canada, who had had some interaction with SABOURIN and the aftermath left in his wake.

12.     For instance, Paul McGrath, an attorney for Mintz and Partners in Toronto who has been appointed receiver of real estate formerly owned by SABOURIN in Canada contacted my law clerk David L. Singer and advised him of the existence of another attorney in Toronto, Brian Greenspan, Esq., who was apparently handling legal matters for SABOURIN regarding the

ongoing inquiry by the Ontario Securities Commission. (See Letter from Mintz attached hereto as Exhibit "F")

13.    With that information, we attempted to serve SABOURIN by his attorney Brian Greenspan by FedEx, through the Clerk of the Court pursuant to the Federal Rules of Civil Procedure. We printed a record of the delivery of that FedEx package which was accepted by a receptionist at Greenspan's office, and filed it with this court on January 2, 2008. (See FedEx receipt attached hereto as Exhibit "G")

14.    Mr. Greenspan however, refused to take service on behalf of SABOURIN in this matter as he indicated that he was not authorized to do so.

15.    Furthermore, personal service was attempted on SABOURIN at his last known address in Canada at 689 Evergreen Trail, Huntsville, Ontario, Canada. The Affidavit of Service of the process server who described that attempt was filed with the court on January 2, 2008. (See Affidavit of Service at Sabourin's last known address attached hereto as Exhibit "H")

16.    To date, great lengths have been gone to in order to effectuate service on SABOURIN and his companies but as of yet no standard means of service of the summons and complaint have been successful.

17.    SABOURIN is a well-known master of fraud and is always on the move. SABOURIN has a large civil judgment against him in Canada in the Judith Laiken case, and there is a hearing in April 2008, scheduled before the Ontario Securities Commission.

18.    According to our sources and the various people I have spoken to, SABOURIN may be somewhere in Canada, and might now be involved in a movie production. The Canadian police are also apparently after him as well.

4

19.    In order for the Court to obtain personal jurisdiction over him I believe the circumstances and unique facts of this case warrant court-devised service under F.R.C.P. 4(f)(3). There is simply no other way that SABOURIN or SABOURIN COMPANIES will ever be served.

20.    We are not currently aware of any residence, authorized attorney, or email address, so it appears service by publication is our only hope.

21.    As SABOURIN knows he defrauded all of his clients, including the Plaintiff, is the subject of several inquiries, because his co-defendants have been served and his attorneys have been contacted in an attempt to serve SABOURIN or SABOURIN COMPANIES for service it is likely that SABOURIN already knows about the existence of this action.

22.    It is reasonably likely that he would have access to and read publications with general circulation around the vicinity of his last known address, to see if any actions had been started as a result of the money he stole from investors, including the Plaintiff herein.

23.    As a Canadian citizen, with significant contacts and a last known address in the province of Ontario, in the City of Huntsville, (See O.S.C. Order attached as Exhibit "B") it is reasonably likely that he would check papers such as the *Huntsville Forester* for actions relating to the frauds he has been perpetrating over the last number of years.

24.    Because the above mentioned papers are expensive to post notices in and in light of the fact that the plaintiff is unlikely to receive remuneration for the expenses incurred in posting such notice it is respectfully requested that the duration and frequency of the proposed publication be kept to the minimum possible.

25.    The plaintiff's application is necessarily made by Order to Show Cause because the date of the deadline for service of process under F.R.C.P. 4(m) will expire on January 21,

2008, and therefore to avoid any prejudice or further harm to the Plaintiff this application is necessary at this time.

26.    In addition, none of the defendants have appeared in this action and in order to obtain personal jurisdiction on SABOURIN in the most expedient manner without further detriment to the Plaintiff the swift *ex parte* remedy of the Order to Show Cause is proper in this instance.

27.    No previous application for the relief sought herein has been made to this or any other court.

28.    WHEREFORE, for the foregoing reasons, it is respectfully requested that this Court enter an Order directing service on Defendants SABOURIN and SABOURIN COMPANIES by means of Publication reasonably calculated to apprise him of the pendency of the action against him, and extending the Plaintiff's time to serve process on the Defendants SABOURIN and SABOURIN COMPANIES be extended until one hundred and twenty days (120) after the proposed Order is signed.

Sworn to before me this _14th_
day of January, 2008.

_Deborah Santoriello_
Notary Public

DEBORAH SANTORIELLO
Notary Public, State of New York
No. 01SA6093709
Qualified in Nassau County
Commission Expires June 9, 20_11_

_____
**DANIEL R. OLIVIERI, ESQ. (DRO9969)**

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LORI CLAYMONT,

                    Plaintiff,

     -against-                           Docket No.: **07-CV-8246 (SAS)**

PETER SABOURIN, GEORGE IRWIN,             **AFFIDAVIT**
PATRICK KEAVENEY, SABOURIN
AND SUN CANADA, INC., 1261746
ONTARIO INC., SABOURIN AND SUN
GROUP OF COMPANIES, INC. (SSGC),
SABOURIN AND SUN INC., SUNSEEKER
GROUP, LTD., A BAHAMAS
CORPORATION, SABOURIN AND SUN BBI
TRUST, INTERVEST DIRECT INC., AND
OVERWEIGHT PEOPLE.COM, INC.,

                    Defendants.
-------------------------------------------------------------X
STATE OF NEW YORK)
                ) SS:
COUNTY OF NASSAU)

        Daniel R. Olivieri, Esq., being duly sworn deposes and says that:

        1.      Your deponent is an attorney licensed to practice law in the State of New York and admitted to practice before the United States District Court for the Southern District of New York.

        2.      I am a member of the firm of Martello, LaMagna, and Olivieri, P.C. attorneys for the Plaintiff LORI CLAYMONT.

        3.      This Affidavit is in support of the Order to Show Cause of the Plaintiff for an application for the purpose of obtaining Court directed service by publication on Defendants PETER SABOURIN (hereinafter "SABOURIN") and SABOURIN AND SUN, INC., SABOURIN AND SUN CANADA, INC., 1261746 ONTARIO INC, SABOURIN AND SUN

GROUP OF COMPANIES, INC. (SSGC), SABOURIN AND SUN, BBI TRUST, SUNSEEKER GROUP, LTD., A BAHAMAS CORPORATION, INTERVEST DIRECT INC., (hereinafter "SABOURIN COMPANIES") pursuant to F.R.C.P. 4(f)(3)and providing for an extension of time for such service, for an additional one hundred and twenty (120) days pursuant to F.R.C.P. 4(m).

4.      On September 21, 2007, Plaintiff filed a summons and complaint in this action bearing docket number 07-CV-8246 alleging that SABOURIN was the ringleader of a scheme to defraud investors, among them the Plaintiff, by promising them outsized, riskless, returns in offshore investments offered by SABOURIN, the other individual Defendants PATRICK KEAVENEY (hereinafter "KEAVENEY") and GEORGE IRWIN (hereinafter "IRWIN"), and through the Defendant SABOURIN COMPANIES sued herein. (See Summons and Complaint attached hereto as Exhibit "A")

5.      Instead of investing the money of those who trusted them, the defendants simply took their money and absconded with it.

6.      In addition to the proceedings before this Court, SABOURIN, KEAVENEY, IRWIN, and certain of the SABOURIN COMPANIES are currently the subject of proceedings brought by the Ontario Securities Commission. It is believed that SABOURIN and his cohorts are responsible for defrauding clients of more than $20 million USD. A hearing in that matter is scheduled for mid- April 2008. (See Ontario Securities Commission action attached hereto as Exhibit "B")

7.      Furthermore, SABOURIN and his associates were involved in a suit before the Superior Court of Justice - Ontario bearing docket number 06-CL-0633 wherein the Plaintiff Judith Laiken was awarded a judgment with costs in excess of $1 million, for the very scheme to

defraud through which the Plaintiff has suffered. (See Judgments of Ontario Court attached hereto as Exhibit "C")

8.    On behalf of the Plaintiff, my firm has retained the services of Unitel, Inc. for the purposes of serving process on the defendants and ascertaining their whereabouts. I have had repeated contact with Bill Callahan Vice President of Unitel, in the course of the last several months as his sources attempted to find SABOURIN and the other co-defendants.

9.    Using their extensive contacts in Canada, Unitel was able to serve, through their agent's defendants KEAVENEY and IRWIN. The affidavits of Service concerning those defendants were filed with this court on January 2, 2008. (See Affidavits of Service on KEAVENEY and IRWIN attached hereto as Exhibit "D")

10.    After filing the Summons and Complaint in this matter, Peter W.G. Carey, an attorney in Toronto who was listed as counsel for SABOURIN in the civil matters in Ontario was also served. Mr. Carey did not accept service on behalf of SABOURIN or the corporate defendants because he claimed he was not authorized to do so for purposes of this matter. (See Affidavit of Service on Peter W.G. Carey and Proof of his Representation of SABOURIN, attached hereto as Exhibit "E")

11.    Working, in concert with Bill Callahan from Unitel, Inc., my staff and I came to be in contact a number of people in Canada, who had had some interaction with SABOURIN and the aftermath left in his wake.

12.    For instance, Paul McGrath, an attorney for Mintz and Partners in Toronto who has been appointed receiver of real estate formerly owned by SABOURIN in Canada contacted my law clerk David L. Singer and advised him of the existence of another attorney in Toronto, Brian Greenspan, Esq., who was apparently handling legal matters for SABOURIN regarding the

ongoing inquiry by the Ontario Securities Commission. (See Letter from Mintz attached hereto as Exhibit "F")

13.     With that information, we attempted to serve SABOURIN by his attorney Brian Greenspan by FedEx, through the Clerk of the Court pursuant to the Federal Rules of Civil Procedure. We printed a record of the delivery of that FedEx package which was accepted by a receptionist at Greenspan's office, and filed it with this court on January 2, 2008. (See FedEx receipt attached hereto as Exhibit "G")

14.     Mr. Greenspan however, refused to take service on behalf of SABOURIN in this matter as he indicated that he was not authorized to do so.

15.     Furthermore, personal service was attempted on SABOURIN at his last known address in Canada at 689 Evergreen Trail, Huntsville, Ontario, Canada. The Affidavit of Service of the process server who described that attempt was filed with the court on January 2, 2008. (See Affidavit of Service at Sabourin's last known address attached hereto as Exhibit "H")

16.     To date, great lengths have been gone to in order to effectuate service on SABOURIN and his companies but as of yet no standard means of service of the summons and complaint have been successful.

17.     SABOURIN is a well-known master of fraud and is always on the move. SABOURIN has a large civil judgment against him in Canada in the Judith Laiken case, and there is a hearing in April 2008, scheduled before the Ontario Securities Commission.

18.     According to our sources and the various people I have spoken to, SABOURIN may be somewhere in Canada, and might now be involved in a movie production. The Canadian police are also apparently after him as well.

4

19.    In order for the Court to obtain personal jurisdiction over him I believe the circumstances and unique facts of this case warrant court-devised service under F.R.C.P. 4(f)(3). There is simply no other way that SABOURIN or SABOURIN COMPANIES will ever be served.

20.    We are not currently aware of any residence, authorized attorney, or email address, so it appears service by publication is our only hope.

21.    As SABOURIN knows he defrauded all of his clients, including the Plaintiff, is the subject of several inquiries, because his co-defendants have been served and his attorneys have been contacted in an attempt to serve SABOURIN or SABOURIN COMPANIES for service it is likely that SABOURIN already knows about the existence of this action.

22.    It is reasonably likely that he would have access to and read publications with general circulation around the vicinity of his last known address, to see if any actions had been started as a result of the money he stole from investors, including the Plaintiff herein.

23.    As a Canadian citizen, with significant contacts and a last known address in the province of Ontario, in the City of Huntsville, (See O.S.C. Order attached as Exhibit "B") it is reasonably likely that he would check papers such as the *Huntsville Forester* for actions relating to the frauds he has been perpetrating over the last number of years.

24.    Because the above mentioned papers are expensive to post notices in and in light of the fact that the plaintiff is unlikely to receive remuneration for the expenses incurred in posting such notice it is respectfully requested that the duration and frequency of the proposed publication be kept to the minimum possible.

25.    The plaintiff's application is necessarily made by Order to Show Cause because the date of the deadline for service of process under F.R.C.P. 4(m) will expire on January 21,

5

2008, and therefore to avoid any prejudice or further harm to the Plaintiff this application is necessary at this time.

26.    In addition, none of the defendants have appeared in this action and in order to obtain personal jurisdiction on SABOURIN in the most expedient manner without further detriment to the Plaintiff the swift *ex parte* remedy of the Order to Show Cause is proper in this instance.

27.    No previous application for the relief sought herein has been made to this or any other court.

28.    WHEREFORE, for the foregoing reasons, it is respectfully requested that this Court enter an Order directing service on Defendants SABOURIN and SABOURIN COMPANIES by means of Publication reasonably calculated to apprise him of the pendency of the action against him, and extending the Plaintiff's time to serve process on the Defendants SABOURIN and SABOURIN COMPANIES be extended until one hundred and twenty days (120) after the proposed Order is signed.

Sworn to before me this _14th_
day of January, 2008.

_Deborah Santoriello_
Notary Public

DEBORAH SANTORIELLO
Notary Public, State of New York
No. 01SA6093709
Qualified in Nassau County
Commission Expires June 9, 20_11_

_____
**DANIEL R. OLIVIERI, ESQ. (DRO9969)**

6

# EXHIBIT "A"

JS 44C/SDNY
REV. 12/2005

# JUDGE SCHEINDLIN

CIVIL COVER SHEET

# '07 CIV 8246

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| LORI CLAYMONT | PETER SABOURIN, et al. |
| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
| MARTELLO LAMAGNA & OLIVIERI, P.C. 666 Old Country Road, Suite 210 Garden City, NY 11530 (516)228-3333 | PETER W.G. CAREY 390 Bay Street, Suite 3000 Toronto, Ontario, Canada (416)603-3100 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

18 U.S.C. § 1961 et seq. (RICO),                          28 U.S.C. 1367
Supplemental Jurisdiction-Defendants defrauded Plaintiff of money by
selling securities

Has this or a similar case been previously filed in SDNY at any time? No [X]  Yes? [ ]   Judge Previously Assigned

If yes, was this case Vol.[ ]  Invol. [ ]  Dismissed. No[ ]  Yes [ ]   If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*          NATURE OF SUIT

SEP 2 1 2007

ACTIONS UNDER STATUTES

## TORTS

### CONTRACT

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE
    INSTRUMENT
[ ] 150 RECOVERY OF
    OVERPAYMENT &
    ENFORCEMENT OF
    JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF
    DEFAULTED
    STUDENT LOANS
    (EXCL VETERANS)
[ ] 153 RECOVERY OF
    OVERPAYMENT OF
    VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT
    LIABILITY
[ ] 196 FRANCHISE

### PERSONAL INJURY

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT
    LIABILITY
[ ] 320 ASSAULT, LIBEL &
    SLANDER
[ ] 330 FEDERAL
    EMPLOYERS'
    LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT
    LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE
    PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL
    INJURY

### PERSONAL INJURY

[ ] 362 PERSONAL INJURY -
    MED MALPRACTICE
[ ] 365 PERSONAL INJURY
    PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL
    INJURY PRODUCT
    LIABILITY

### PERSONAL PROPERTY

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL
    PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE
    PRODUCT LIABILITY

### FORFEITURE/PENALTY

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED
    SEIZURE OF
    PROPERTY
    21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 OCCUPATIONAL
[ ] 660 SAFETY/HEALTH
[ ] 690 OTHER

### LABOR

[ ] 710 FAIR LABOR
    STANDARDS ACT
[ ] 720 LABOR/MGMT
    RELATIONS
[ ] 730 LABOR/MGMT
    REPORTING &
    DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR
    LITIGATION
[ ] 791 EMPL RET INC
    SECURITY ACT

### BANKRUPTCY

[ ] 422 APPEAL
    28 USC 158
[ ] 423 WITHDRAWAL
    28 USC 157

### PROPERTY RIGHTS

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

### SOCIAL SECURITY

[ ] 861 HIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

### FEDERAL TAX SUITS

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY
    20 USC 7609

### OTHER STATUTES

[ ] 400 STATE
    REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC
    RATES/ETC
[ ] 460 DEPORTATION
[X] 470 RACKETEER INFLU-
    ENCED & CORRUPT
    ORGANIZATION ACT
    (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/
    COMMODITIES/
    EXCHANGE
[ ] 875 CUSTOMER
    CHALLENGE
    12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC
    STABILIZATION ACT
[ ] 893 ENVIRONMENTAL
    MATTERS
[ ] 894 ENERGY
    ALLOCATION ACT
[ ] 895 FREEDOM OF
    INFORMATION ACT
[ ] 900 APPEAL OF FEE
    DETERMINATION
    UNDER EQUAL ACCESS
    TO JUSTICE
[ ] 950 CONSTITUTIONALITY
    OF STATE STATUTES
[ ] 890 OTHER STATUTORY
    ACTIONS

### REAL PROPERTY

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE &
    EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT
    LIABILITY
[ ] 290 ALL OTHER
    REAL PROPERTY

### ACTIONS UNDER STATUTES

### CIVIL RIGHTS

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING
    ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH
    DISABILITIES-
    EMPLOYMENT
[ ] 446 AMERICANS WITH
    DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

### PRISONER PETITIONS

[ ] 510 MOTIONS TO
    VACATE SENTENCE
    28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

SEP 2 1 2007
U.S.D.C. S.D.N.Y.
CASHIERS

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____ OTHER_____   JUDGE _____   DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: [X] YES [ ] NO     NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)

## ORIGIN

[x] 1 Original Proceeding
[ ] 2a. Removed from State Court
[ ] 2b. Removed from State Court AND at least one party is a pro se litigant
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)

## BASIS OF JURISDICTION

[ ] 1 U.S. PLAINTIFF  [ ] 2 U.S. DEFENDANT  [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)  [ ] 4 DIVERSITY

**IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)**

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF |  | PTF DEF |  | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

```
LORI CLAYMONT
520 East 72nd Street
Apt. 9F
New York, NY 10021
```

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

```
Peter M. Sabourin          Patrick J. Keaveney        Sabourin and Sun, Inc.
689 Evergreen Trail        75 Broadway Avenue         Sabourin and Sun Canada,
Huntsville, Ontario, Canada  Suite 807                Inc.; Sabourin and Sun
                           Toronto, Ontario M4P1V1    Group of Companies(SSGC)
Gregory D. Irwin                                      1261746 Ontario, Inc.
623 Aspen Road             Sabourin and Sun BBI, Inc. 3080 Yonge Street
Pickering, Ontario, L1V3T2  P.O. Box 3321             Suite 4064
                           Road Town, Tortola, BVI    Toronto, Ontario M4M3WT
```

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

```
Sunseeker Group Ltd., a Bahamas Corp.
Intervest Direct, Inc.
Overweight People.com, Inc.
```

Check one:  THIS ACTION SHOULD BE ASSIGNED TO:  [ ] WHITE PLAINS  [x] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE          SIGNATURE OF ATTORNEY OF RECORD
9/20/07
RECEIPT #  GPM6504

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. _____ Yr. _____)
Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ DISTRICT OF   NEW YORK

LORI CLAYMONT,

## '07 CIV 8246

### SUMMONS IN A CIVIL CASE

v.

CASE NUMBER: JUDGE SCHEINDLIN

PETER SABOURIN, GEORGE IRWIN, PATRICK KEAVENEY, SABOURIN AND SUN, INC., SABOURIN AND SUN CANADA, INC., SABOURIN AND SUN GROUP OF COMPANIES, INC. (SSGC), 1261746 ONTARIO, INC., SABOURIN AND SUN BBI TRUST, SUNSEEKER GROUP, LTD., A BAHAMAS CORPORATION, INTERVEST DIRECT, INC., and OVERWEIGHT PEOPLE.COM, INC.,

TO: (Name and address of defendant)

Peter M. Sabourin
689 Evergreen Trail
Huntsville, Ontario, Canada

Gregory D. Irwin
623 Aspen Road
Pickering, Ontario, L1V3T2

Patrick J. Keaveney
75 Broadway Avenue
Suite 807
Toronto, Ontario M4P1V1

Sabourin and Sun BBI, Inc.
P.O. Box 3321
Road Town, Tortola, BVI

Sabourin and Sun, Inc.
Sabourin and Sun Canada
Inc.; Sabourin and Sun
Group of Companies(SSGC
1261746 Ontario, Inc.
3080 Yonge Street
Suite 4064
Toronto, Ontario M4M3WT

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

MARTELLO, LAMAGNA & OLIVIERI, P.C.
666 Old Country Road, Suite 210
Garden City, NY 11530

an answer to the complaint which is herewith served upon you, within _____ 30 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

SEP 21 2007

DATE

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LORI CLAYMONT,

                  Plaintiff,

      -against-

PETER SABOURIN, GEORGE IRWIN,
PATRICK KEAVENEY, SABOURIN
AND SUN CANADA, INC., 1261746
ONTARIO INC., SABOURIN AND SUN
GROUP OF COMPANIES, INC. (SSGC),
SABOURIN AND SUN INC., SUNSEEKER
GROUP,LTD., A BAHAMAS
CORPORATION, SABOURIN AND SUN BBI
TRUST, INTERVEST DIRECT INC., AND
OVERWEIGHT PEOPLE.COM, INC.,

                  Defendants.
-------------------------------------------------------X

07 CV_____

**COMPLAINT**

Plaintiff Demands Trial by Jury

       Plaintiff, LORI CLAYMONT, by her attorneys, Martello LaMagna & Olivieri, P.C. for

her complaint against Defendant's PETER SABOURIN, GEORGE IRWIN, AKA "GREG

IRWIN", PATRICK KEAVENEY, SABOURIN AND SUN, INC., SABOURIN AND SUN

CANADA, INC., 1261746 ONTARIO INC, SABOURIN AND SUN GROUP OF

COMPANIES, INC. (SSGC), SABOURIN AND SUN, BBI TRUST, SUNSEEKER GROUP,

LTD., A BAHAMAS CORPORATION, INTERVEST DIRECT INC., AND

OVERWEIGHTPEOPLE.COM, INC, alleges as follows:

### THE PARTIES

    1)    Plaintiff, LORI CLAYMONT, at all relevant times hereinafter mentioned was and

still is a resident of the County of New York, City of New York and State of New York.

    2)    Upon information and belief, Defendant, Peter Sabourin (hereinafter referred to as

"SABOURIN") was and still is a resident of Huntsville, Ontario, Canada.

# EXHIBIT "B"


PDF Version

# IN THE MATTER OF THE SECURITIES ACT
## R.S.O. 1990, c. S.5, AS AMENDED

### - and -

## PETER SABOURIN, W. JEFFREY HAVER, GREG IRWIN, PATRICK KEAVENEY, SHANE SMITH, ANDREW LLOYD, SANDRA DELAHAYE, SABOURIN AND SUN INC., SABOURIN AND SUN (BVI) INC., SABOURIN AND SUN GROUP OF COMPANIES INC., CAMDETON TRADING LTD. and CAMDETON TRADING S.A.

### STATEMENT OF ALLEGATIONS
### OF STAFF OF THE ONTARIO SECURITIES COMMISSION

Staff of the Ontario Securities Commission make the following allegations:

**The Individual Respondents**

1.      Peter Sabourin ("Sabourin") is a resident of Huntsville, Ontario. Sabourin has never been registered with the Commission.

2.      W. Jeffrey Haver ("Haver") is a resident of Richmond, Ontario. Haver was registered with the Commission as a salesperson of a mutual fund dealer and limited market dealer from April 28, 2000 until October 25, 2001. From November 8, 2001 until June 22, 2004, Haver was registered as a salesperson of a mutual fund dealer.

3.      Greg Irwin ("Irwin") is a resident of Pickering, Ontario. Irwin has never been registered with the Commission.

4.      Patrick Keaveney ("Keaveney") is a resident of Toronto, Ontario. Keaveney has never been registered with the Commission.

5.      Shane Smith ("Smith") is a resident of Peterborough, Ontario. Smith was registered with the Commission as a salesperson of mutual fund dealer and limited market dealer from May 2, 1994 until September 29, 1995. From October 18, 1995 until November 17, 1997 Smith was registered as a salesperson of a mutual fund dealer and limited market dealer. From December 4, 1997 until February 16, 1998 Smith was a salesperson of a mutual fund dealer. From February 17, 1998 until November 10, 2004 Smith was registered as a salesperson of a mutual fund dealer and limited market dealer. In addition, Smith was registered as a branch manager from May 6, 2004 until November 10, 2004.

6.      Andrew Lloyd ("Lloyd") is a resident of Peterborough, Ontario. Lloyd was registered with the Commission as a salesperson of a mutual fund dealer and limited market dealer from January 17, 1997 until May 2, 1997. From May 22, 1997 until February 16, 1998 Lloyd was registered as a salesperson of a mutual fund dealer. From February 17, 1998 until October 18, 1999 Lloyd was registered as a salesperson of a mutual fund dealer and a limited market dealer. From October 20, 1999 until July 29, 2005 Lloyd was registered as a salesperson of a mutual fund dealer and limited market dealer.

7.      Sandra Delahaye ("Delahaye") is a resident of Oakville, Ontario. Delahaye was registered with the Commission as a salesperson of a broker and investment dealer from March 31, 1994 until April 26,

# Notice from the Office of the Secretary



Ontario

| | | |
|---|---|---|
| **Ontario Securities Commission** | Commission des valeurs mobilières de l'Ontario | **FOR IMMEDIATE RELEASE**<br><br>**June 14, 2007** |

**20 Queen St. W.**
**Box 55, Suite 1900**
**Toronto, ON M5H 3S8**

### IN THE MATTER OF THE *SECURITIES ACT*
### R.S.O. 1990, c. S.5, AS AMENDED

### - AND -

### IN THE MATTER OF

### PETER SABOURIN, W. JEFFREY HAVER, GREG IRWIN, PATRICK KEAVENEY, SHANE SMITH, ANDREW LLOYD, SANDRA DELAHAYE, SABOURIN AND SUN INC., SABOURIN AND SUN (BVI) INC., SABOURIN AND SUN GROUP OF COMPANIES INC., CAMDETON TRADING LTD. and CAMDETON TRADING S.A.

**TORONTO** – The Commission issued an Order today continuing the Temporary Order until the commencement of the hearing, or until further order of the Commission. The Commission also ordered that the hearing of this matter shall commence on Wednesday, April 2, 2008 and shall continue until Wednesday, April 30, 2008 if necessary, but for April 8, 15, 21 and 29, 2008.

A copy of the Temporary Order is available at www.osc.gov.on.ca

OFFICE OF THE SECRETARY
JOHN P. STEVENSON
SECRETARY

- 30 -

| For media inquiries: | **Wendy Dey**<br>**Director, Communications**<br>**& Public Affairs**<br>**416-593-8120** |
|---|---|
| | **Laurie Gillett**<br>**Manager, Public Affairs**<br>**416-595-8913** |


PDF Version

# IN THE MATTER OF THE SECURITIES ACT
## R.S.O. 1990, c. S.5, AS AMENDED

### - and -

## PETER SABOURIN, W. JEFFREY HAVER, GREG IRWIN, PATRICK KEAVENEY, SHANE SMITH, ANDREW LLOYD, SANDRA DELAHAYE, SABOURIN AND SUN INC., SABOURIN AND SUN (BVI) INC., SABOURIN AND SUN GROUP OF COMPANIES INC., CAMDETON TRADING LTD. and CAMDETON TRADING S.A.

### O R D E R
### (Section 127(7))

**WHEREAS** on December 7, 2006, the Ontario Securities Commission (the "Commission") ordered pursuant to sections 127(1) and (5) of the *Securities Act*, R.S.O. 1990, c.S.5., as amended, that all trading in securities by and of Peter Sabourin, W. Jeffrey Haver, Greg Irwin, Patrick Keaveney, Shane Smith, Andrew Lloyd, Sandra Delahaye, Sabourin and Sun Inc., Sabourin and Sun (BVI) Inc., Sabourin and Sun Group of Companies Inc., Camdeton Trading Ltd. and Camdeton Trading S.A. (the "Respondents") cease, and that any exemptions contained in Ontario securities law do not apply to the Respondents (the "Temporary Order");

**AND WHEREAS** on December 7, 2006, the Commission issued a Notice of Hearing and Statement of Allegations in this matter;

**AND WHEREAS** on December 20, 2006, the respondents Peter Sabourin, W. Jeffrey Haver, Greg Irwin, Patrick Keaveney, Shane Smith, Andrew Lloyd, Sandra Delahaye, and Sabourin and Sun Inc. consented to a continuation of the Temporary Order;

**AND WHEREAS** on December 20, 2006, no one appeared for Sabourin and Sun (BVI) Inc., Sabourin and Sun Group of Companies Inc., Camdeton Trading Ltd. and Camdeton Trading S.A.;

**AND WHEREAS** the Respondents undertook to keep investors advised of the Temporary Order through notices to be displayed prominently on each of the home pages of websites operated by the Respondents, including www.nickelandsun.com, www.sabourinandsun.com and www.camdetontrading.com, until June 14, 2007 or further order of the Commission;

**AND WHEREAS** on December 20, 2006, the Commission ordered that the Temporary Order be continued until June 14, 2007 or until further order of the Commission;

**AND WHEREAS** on December 20, 2006, the Commission ordered that Sandra Delahaye be permitted to trade in securities for her own account or for the account of a registered retirement savings plan or registered retirement income fund (as defined in the *Income Tax Act* (Canada)) in which she has legal and beneficial ownership and interest on the conditions that she do so only through her accounts 59E-74OR-O or 59E-74ON-O at Raymond James Ltd., in her name only, and that she provide monthly

statements for both accounts to Staff of the Commission;

**AND WHEREAS** on December 20, 2006, the Commission ordered that W. Jeffrey Haver be permitted to trade in securities for his own account or for the account of a registered retirement savings plan or registered retirement income fund (as defined in the *Income Tax Act* (Canada)) in which he has legal and beneficial ownership and interest on the conditions that he do so only through his accounts 258108519 at GRS Securities Inc. or 555-32965 at Scotia McLeod Direct Investing, a division of Scotia Capital Inc., in his name only, and that he provide monthly statements for both accounts to Staff of the Commission;

**AND WHEREAS** on June 14, 2007, the Commission heard submissions from Commission Staff and counsel for Peter Sabourin, W. Jeffrey Haver, Greg Irwin, Patrick Keaveney, Shane Smith, Andrew Lloyd and Sandra Delahaye, no one appearing for Sabourin and Sun Inc., Sabourin and Sun (BVI) Inc., Sabourin and Sun Group of Companies Inc., Camdeton Trading Ltd. and Camdeton Trading S.A.;

**AND WHEREAS** the Commission is of the opinion that it is in the public interest to make this order;

**IT IS ORDERED THAT** :

    1. the hearing of this matter shall commence on Wednesday, April 2, 2008 and shall continue until Wednesday, April 30, 2008 if necessary, but for April 8, 15, 21 and 29, 2008;

    2. the Temporary Order is continued until the commencement of the hearing, or until further order of the Commission;

    3. Sandra Delahaye is permitted to trade in securities for her own account or for the account of a registered retirement savings plan or registered retirement income fund (as defined in the *Income Tax Act* (Canada)) in which she has legal and beneficial ownership and interest on the conditions that she do so only through her accounts 59E-74OR-O or 59E-74ON-O at Raymond James Ltd., in her name only, and that she provide monthly statements for both accounts to Staff of the Commission;

    4. W. Jeffrey Haver is permitted to trade in securities for his own account or for the account of a registered retirement savings plan or registered retirement income fund (as defined in the *Income Tax Act* (Canada)) in which he has legal and beneficial ownership and interest on the conditions that he do so only through his accounts 258108519 at GRS Securities Inc. or 555-32965 at Scotia McLeod Direct Investing, a division of Scotia Capital Inc., in his name only, and that he provide monthly statements for both accounts to Staff of the Commission; and

    5. The Respondents shall keep investors advised of this order through notices to be displayed prominently on each of the home pages of websites operated by the Respondents, including www.nickleandsun.com, www.sabourinandsun.com and www.camdetontrading.com, until the commencement of the hearing, or until further order of the Commission;

    6. Staff of the Commission shall not be required to serve nor otherwise advise the respondents Sabourin and Sun Inc., Sabourin and Sun (BVI) Inc., Sabourin and Sun Group of Companies Inc., Camdeton Trading Ltd. and Camdeton Trading S.A. of any further steps in this proceeding.

**DATED** at Toronto this 14 th day of June, 2007.

        *"Wendell S. Wigle"*                       *"David L. Knight"*

# EXHIBIT "C"



Home > Ontario > Superior Court of Justice >
2007 CanLII 51342 (ON S.C.)

Canadian Legal Information Institute

Français | English

# Sabourin and Sun Group of Companies v. Laiken, 2007 CanLII 51342 (ON S.C.)

PDF Format

Date: 2007-11-27

Docket: 06-CL-6633

URL: http://www.canlii.org/en/on/onsc/doc/2007/2007canlii51342/2007canlii51342.html

Reflex Record (noteup and cited decisions)

**COURT FILE NO.: 06-CL-6633**
**DATE: 20071127**

## SUPERIOR COURT OF JUSTICE - ONTARIO
(Commercial List)

**RE:**     Sabourin and Sun Group of Companies (Plaintiff/Defendant by Counterclaim) and Judith Laiken (Defendant/Plaintiff by Counterclaim - **and** - Judith Laiken (Plaintiff by Counterclaim and Sabourin and Sun Group of Companies, Peter Sabourin, Sabourin and Sun Canada Inc., Sabourin and Sun Inc., a Bahamas Corporation, Sabourin and Sun BVI Trust, and Intervest Direct Inc., 1077472 Ontario Limited, Greg Irwin, Sabourin and Sun Inc. and 1061971 Ontario Limited

**BEFORE:**     Justice Cumming

**COUNSEL:**     *Peter R. Jervis* and *Christine Snow*, for the Defendant/Plaintiff by Counterclaim, Judith Laiken

    *Peter W.G. Carey*, for all Defendants by Counterclaim except Intervest Direct Inc.

**DATE HEARD:**   **November 26 and 27, 2007**

## E N D O R S E M E N T

### The Motion

[1]     The Plaintiff by Counterclaim, Ms. Judith Laiken ("Laiken"), moves for summary judgment in respect of her counterclaim and to dismiss the claims brought by the plaintiff against her.

[2]    Neither the plaintiff nor the defendants by counterclaim appear. Their counsel of record, Mr. Peter W.G. Carey, appears and advises that he has no instructions but that the defendants are aware of the proceedings.

[3]    I am satisfied that all parties, except for the defendant by counterclaim Intervest Direct Inc., have knowledge of the motion and the nature thereof.

**The Evidence**

[4]    Ms. Laiken, age 67, has lost her entire net worth of some $820,000. as a result of the fraudulent conduct of the defendants by counterclaim. The defendants by counterclaim advertised that they were established, experienced investment advisors and traders who carried on the business of offshore investing in Tortola, British Virgin Islands through "Intervest Direct Inc." and solicited Ms. Laiken, and others, to be clients for their purported services.

[5]    The record establishes the defendants by counterclaim misappropriated Ms. Laiken's money and that their purported investment business was a sham. On discovery, the defendant by counterclaim Mr. Sabourin admitted that both the funds and securities belonging to Ms. Laiken, upon receipt by him, were deposited into general accounts used by the defendant by counterclaim Sabourin & Sun Group of Companies, that the funds never actually left Canada, and that the funds were commingled with other funds. The record establishes Mr. Sabourin has no professional background or experience in the investment business. No documentation has been provided to substantiate the existence of an investment dealership known as "Intervest Direct." Ms. Laiken went by herself to Tortola and determined that there was not any such business.

[6]    The defendants by counterclaim offer no evidence to refute the accusations set forth in the affidavit evidence of Ms. Laiken and Mr. Tony De Werth, an expert in the investment industry who has reviewed the purported investment accounts and statements of account provided to Ms. Laiken by the defendants by counterclaim. Mr. De Werth concludes and opines in his affidavit with the statement:

> In sum, based upon my review of the documents relating to this action, it appears to me that there existed no legitimate investment dealership known as Intervest Direct, that the trading in question never actually took place, that the statements produced are fabricated, amateurish, irrational and do not support actual trading activity. Rather, this appears to be a fraud that was neither elaborate nor well documented. However, it may well have misled an inexperienced retail investor who wished to engage in offshore investing ….

[7]    The evidence in the extensive four volume Motion Record fully supports this opinion. Mr. Sabourin's e mails and purported account statements provided to Ms. Laiken make no sense. Mr. Sabourin, produced for discovery on behalf of all defendants by counterclaim, could not offer any sensible explanation in respect of the many inconsistencies in these statements put to him. Ms. Laiken's affidavit and the extensive e-mail correspondence in evidence establishes that the defendant by counterclaim Greg Irwin was a knowing participant involved in the fraud perpetrated by the defendants by counterclaim.

[8]    Ms. Laiken sought and obtained a worldwide Mareva order and a Certificate of Pending Litigation in respect of certain properties in May, 2006 which was continued by an Order of Lederman, J. in September, 2006. The Ontario Securities Commission is currently investigating complaints against the defendant by counterclaim Peter Sabourin, has obtained a temporary restraining order and has commenced disciplinary proceedings against him and some of the

corporate defendants by counterclaim which are scheduled to proceed in April, 2008. A Receiver has been appointed over the assets of the defendants by counterclaim in #07-CL-7077.

**Disposition**

[9]     The moving party has established there is not any genuine issue for trial in respect of the claims advanced by the plaintiff. Indeed, while the corporate plaintiffs has pleaded that Ms. Laiken owes the corporation money, they offer no evidence in support of that allegation. All of the evidence put forward by Ms. Laiken contradicts the plaintiffs bare allegations and supports the allegation of Ms. Laiken that she was the innocent victim of a fraud perpetrated by the defendants by counterclaim.

[10]     The evidentiary record establishes that summary judgment is to be given in respect of Ms. Laiken's counterclaim, there being no genuine issue for trial in respect of the counterclaim. All defendants by counterclaim, except for Intervest Direct Inc. (not served with the motion materials) are liable on the basis of fraud, perpetrated by the individual defendants by counterclaim Sabourin and Irwin.

[11]     Judgment is given in favour of Ms. Laiken against the defendants by counterclaim (except Intervest Direct Inc.) on a joint and several basis in the amount of $820,000. plus pre-judgment interest at the rate of 5.3% from April 25, 2000 to November 27, 2007 in the amount of $330,057.85.

[12]     Costs are awarded on a full indemnity basis against these defendants by counterclaim, given the finding of fraud. A detailed Bill of Costs has been provided. Costs are awarded in the amount of $316,829.89, inclusive of G.S.T. and all disbursements.

_____

CUMMING J.

**DATE:**     November 27, 2007



Canadian Legal Information Institute

Home > Ontario > Superior Court of Justice >
2007 CanLII 54280 (ON S.C.)

Français | English

# Sabourin and Sun Group of Companies v. Laiken, 2007 CanLII 54280 (ON S.C.)

PDF Format

Date:       2007-12-11
Docket:    06-CL-6633
URL:        http://www.canlii.org/en/on/onsc/doc/2007/2007canlii54280/2007canlii54280.html

Reflex Record (noteup and cited decisions)

**COURT FILE NO.: 06-CL-6633**
**DATE:** 20071211

## SUPERIOR COURT OF JUSTICE - ONTARIO
(Commercial List)

**RE:**       Sabourin and Sun Group of Companies (Plaintiff/Defendant by Counterclaim) and Judith Laiken (Defendant/Plaintiff by Counterclaim - **and** - Judith Laiken (Plaintiff by Counterclaim and Sabourin and Sun Group of Companies, Peter Sabourin, Sabourin and Sun Canada Inc., Sabourin and Sun Inc., a Bahamas Corporation, Sabourin and Sun BVI Trust, and Intervest Direct Inc., 1077472 Ontario Limited, Greg Irwin, Sabourin and Sun Inc. and 1061971 Ontario Limited

**BEFORE:**    Justice Cumming

**COUNSEL:**   *Simon Zucker* for the Receiver

              *Peter R. Jervis* and *Caroline Jindar* for Laiken

              *Douglas Garbig* for mortgagee Vector

              *Cullen Price* for the Ontario Securities Commission

              *M.R. Kaplan* for the purchaser, Dickson

              *James Olchowy* for Weisz Group mortgagees

**DATE HEARD:  December 11, 2007**

# E N D O R S E M E N T

[1]    The stakeholders in this receivership appear in respect of several matters.

[2]    First, the "Mary Lake" property is the subject of an agreement of sale entered into by the mortgagee, Robert Weisz. The Receiver questions whether the sale price (some $800,000.) is such as to be an improvident realization upon the sale of the property by the mortgagee. It appears that the purchaser is an innocent purchaser at arms length to the mortgagee. The Receiver queries whether the sale price, while sufficient to satisfy the mortgage in default, is below the fair market value such as to be a loss to the estate in receivership.

[3]    After submissions, it is ordered that the sale of this property is not to be completed without a further order of the Court. The Receiver is to have until February 1, 2008 to determine whether the Receiver is bringing a motion to set aside the sale as an improvident transaction. Failing such initiative, an order shall issue allowing the closing to be completed.

[4]    Second, the mortgagee Weisz agrees to list the other properties subject to his mortgages for sale through the multiple listing service. Any offer to purchase will be subject to the condition that the Receiver will be given a copy of the offer and the Receiver will have at least 72 hours to consider the merits thereof and determine whether the Receiver contests an acceptance of the offer as improvident.

[5]    Third, the hearing in respect of the intended Pickeral Lake transaction is to be heard by another judge December 18th and 19th. The Receiver is to have until February 1, 2008 to determine whether the Receiver challenges the second mortgage held by Vector against the property. The balance of the proceeds from any sale of the property after payment of the first mortgage and sale expenses will be held in escrow pending this determination. The second Vector mortgage was allegedly placed against the property notwithstanding there was knowledge of the Mareva injunction.

[6]    Fourth, the second report of the Receiver will be brought before me for consideration as to approval December 17, 2008 at 9:30 am.

[7]    Fifth, after submissions, the parties are directed to finalize a draft of the Order consequential to the November 8, 2008 hearing and forward same for my signature.

[8]    I am no longer seized of this matter.

CUMMING J.

**DATE:**       December 11, 2007

by   LexUM   for the   Federation of Law Societies of Canada

EXHIBIT "D"

UNITED STATES DISTRICT COURT    YEAR 2007
SOUTHERN DISTRICT OF NEW YORK    07 CV 8246

LORI CLAYMONT

Plaintiff,

And

PETER SABOURIN et al

Defendants

AFFIDAVIT OF SERVICE

I, Steve Layefsky, of the Village of Alton, in the Province of Ontario, MAKE OATH AND SAY AS FOLLOWS:

1. That I am a Process Server and have been retained to provide services for Martello LaMagna & Olivieri P.C. the Attorneys for Lori Claymont.

2. That on October 16th, 2007, I attempted to serve Sabourin and Sun Inc., Sabourin and Sun Canada Inc., Sabourin and Sun Group of Companies, and 1267146 Ontario Inc., at 3080 Yonge Street, suite 4064, Toronto, Ontario, Canada, with the Civil Cover Sheet, Court Rules, and the Summons with Complaint.

3. That I was told by the tenant of that suite, "The Licensing Shop," that he had been operating there since April of 2007, and had not association with the above companies. He had no knowledge of the above company's location, but was still receiving their mail.

4. That on October 23rd, at 3:30pm, and October 25th at 5:45 pm, I attempted to serve Patrick Keaveney at his residence at 75 Broadway Avenue, suite #807, Toronto, Ontario, Canada with no response. On October 29th, my associate David Land, attempted service at 8:55pm with no response. The Civil Cover Sheet, Court Rules and the Summons and Complaint were placed in an envelope addressed to Peter Keaveney and attached to the door. A second envelope with the above documents was mailed the next business day.

5. That on October 24th, 2007, I served Gregory D. Irwin with the Civil Cover Sheet, Court Rules and the Summons and Complaint through personal service at his address of 623 Aspen Road, Pickering, Ontario Canada.

6. That on October 30th, 2007, I served Peter W.G. Carey through personal service at his place of business at 390 Bay Street, suite 3000, Toronto, Ontario, Canada with the Civil Cover Sheet, Court Rules and the Summons and Complaint.


SWORN BEFORE ME at the
City of Toronto, this day
Of November 2007.



A Commissioner, etc.


STEVE LAYEFSKY

AO 440 (Rev. 10/93) Summons in a Civil Action -SDNY  WEB 4/99    *Lori Claymont v Peter Sabourin et al*

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | October 29, 2007 |

| NAME OF SERVER *(PRINT)*   DAVID LAND | TITLE   Process Server |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐ Returned unexecuted: _____
_____
_____

☒ Other *(specify):* Attended residence of Patrick Keaveney at 75 Broadway Ave Unit 809 Tor. Ont at 9.55 pm. No answer to the door or telephone. Documents were left in an envelope taped to door. A second envelope containing the documents were mailed the next business day

### STATEMENT OF SERVICE FEES

| TRAVEL   10kt | SERVICES   Process Server | TOTAL   $40.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   29th October/07        _David Land_
　　　　　　　　Date　　　　　　　　　　　　　　　　Signature of Server

　　　　　　　　　　　　　　1550 Lawrence Ave. W.
　　　　　　　　　　　　　　Address of Server   Toronto

　　　_AW Billich_

### JUSTICE OF THE PEACE
### PROVINCE OF ONTARIO
　　SW BILLICH　　　　　02 NOV 2007

EXHIBIT "E"



Canadian Legal Information Institute

Home > Ontario > Superior Court of Justice >
2007 CanLII 51342 (ON S.C.)

Français | English

# Sabourin and Sun Group of Companies v. Laiken, 2007 CanLII 51342 (ON S.C.)

PDF Format

Date:    2007-11-27
Docket:  06-CL-6633
URL:     http://www.canlii.org/en/on/onsc/doc/2007/2007canlii51342/2007canlii51342.html

Reflex Record (noteup and cited decisions)

**COURT FILE NO.: 06-CL-6633**
**DATE: 20071127**

**SUPERIOR COURT OF JUSTICE - ONTARIO**
(Commercial List)

**RE:**         Sabourin and Sun Group of Companies (Plaintiff/Defendant by Counterclaim) and Judith Laiken (Defendant/Plaintiff by Counterclaim **- and -** Judith Laiken (Plaintiff by Counterclaim and Sabourin and Sun Group of Companies, Peter Sabourin, Sabourin and Sun Canada Inc., Sabourin and Sun Inc., a Bahamas Corporation, Sabourin and Sun BVI Trust, and Intervest Direct Inc., 1077472 Ontario Limited, Greg Irwin, Sabourin and Sun Inc. and 1061971 Ontario Limited

**BEFORE:**    Justice Cumming

**COUNSEL:**   *Peter R. Jervis* and *Christine Snow*, for the Defendant/Plaintiff by Counterclaim, Judith Laiken

                *Peter W.G. Carey*, for all Defendants by Counterclaim except Intervest Direct Inc.

**DATE HEARD:  November 26 and 27, 2007**

## E N D O R S E M E N T

### The Motion

[1]     The Plaintiff by Counterclaim, Ms. Judith Laiken ("Laiken"), moves for summary judgment in respect of her counterclaim and to dismiss the claims brought by the plaintiff against her.

UNITED STATES DISTRICT COURT       YEAR 2007
SOUTHERN DISTRICT OF NEW YORK       07 CV 8246


LORI CLAYMONT

                                    Plaintiff,


And

PETER SABOURIN et al

                                    Defendants


AFFIDAVIT OF SERVICE


I, Steve Layefsky, of the Village of Alton, in the Province of Ontario, MAKE OATH AND SAY AS FOLLOWS:

1. That I am a Process Server and have been retained to provide services for Martello LaMagna & Olivieri P.C. the Attorneys for Lori Claymont.

2. That on October 16th, 2007, I attempted to serve Sabourin and Sun Inc., Sabourin and Sun Canada Inc., Sabourin and Sun Group of Companies, and 1267146 Ontario Inc., at 3080 Yonge Street, suite 4064, Toronto, Ontario, Canada, with the Civil Cover Sheet, Court Rules, and the Summons with Complaint.

3. That I was told by the tenant of that suite, "The Licensing Shop," that he had been operating there since April of 2007, and had not association with the above companies. He had no knowledge of the above company's location, but was still receiving their mail.

4. That on October 23rd, at 3:30pm, and October 25th at 5:45 pm, I attempted to serve Patrick Keaveney at his residence at 75 Broadway Avenue, suite #807, Toronto, Ontario, Canada with no response. On October 29th, my associate David Land, attempted service at 8:55pm with no response. The Civil Cover Sheet, Court Rules and the Summons and Complaint were placed in an envelope addressed to Peter Keaveney and attached to the door. A second envelope with the above documents was mailed the next business day.

5. That on October 24th, 2007, I served Gregory D. Irwin with the Civil Cover Sheet, Court Rules and the Summons and Complaint through personal service at his address of 623 Aspen Road, Pickering, Ontario Canada.

6. That on October 30th, 2007, I served Peter W.G. Carey through personal service at his place of business at 390 Bay Street, suite 3000, Toronto, Ontario, Canada with the Civil Cover Sheet, Court Rules and the Summons and Complaint.


SWORN BEFORE ME at the
City of Toronto, this ⁀day
Of November 2007.


A Commissioner, etc.


STEVE LAYEFSKY

# EXHIBIT "F"

# Mintz & Partners Limited

200 - 1 Concorde Gate
North York, ON  M3C 4G4

T. 416.391.2900
F. 416.391.2748
Web site: www.mintzca.com

November 14, 2007

Martello, LaMagna & Olivieri, P.C.
Attorneys at Law
666 Old Country Road
Suite 210
Garden City, NY 11530

**Attention: David Singer, Esq.**

Dear Mr. Singer:

**CLAYMONT ADV. SABOURIN, ET AL**

Please be advised that Mintz & Partners Limited received a copy of the Complaint your firm has filed against Peter Sabourin et al on behalf of your client Lori Claymont.

We wanted to advise you that Sabourin has retained the services of a Toronto lawyer to defend the action against him brought on by the Ontario Securities Commission and he might accept secondary service on Sabourin's behalf. The lawyer is Brian Greenspan, 15 Bedford Road, Toronto, Ontario M5R 2J7. Mr. Greenspan can be reached at (416) 868-1755.

We trust this may be of assistance to you in effecting service on Sabourin for your action.

Yours very truly,

**MINTZ & PARTNERS LIMITED**

Per:

Paul McGrath, CFE
Senior Manager, Litigation & Valuation Services

PM/ec

Direct Line:   416-644-4451
Direct Fax:    416-391-2748
E-Mail:        paul_mcgrath@mintzca.com

cc:  Bryan Tannenbaum, Mintz & Partners Limited

This office is an independently owned and operated member of the Collins Barrow National Cooperative Incorporated. The Collins Barrow trademarks are used under license.






EXHIBIT "G"

LORI CLAYMONT
                                        Plaintiff,

                        -V-

SABOURIN et al
                        Defendants,

                                                07 CV 8246 (SAS)

I, J. Michael McMahon, Clerk of Court for the Southern District of New York, do hereby certify that on the

## 20th day of December , 2007

I served the

Summons & Complaint

pursuant to the Federal Rule of Civil Procedure 4 (f) (2) (c) (ii) filed and issued herein on the,

## 21st day of September, 2007

by mailing via Federal Express, in the Federal Express mail drop box located at 500 Pearl Street, NY, NY, a copy of each thereof, securely enclosed in a Federal Express envelope with a prepaid international airbill addressed to:

See attached for listing of Defendants

Federal Express International Air Waybill Tracking Number:

## 8611 3035 8595

*J. Michael McMahon*

CLERK

Dated: New York, NY

December 17, 2007

J. Michael McMahon
Clerk of the Court
United States District Court
S.D.N.Y
500 Pearl Street
New York, NY 10007-1213

        RE: Service on a Foreign Defendant/ **07-civ-8246**

Dear Mr. McMahon:

        As attorneys for the Plaintiff in the above-mentioned docket, we hereby request that you
effect service by mail pursuant to F.R.C.P. 4(f)(2)(C)(ii) on the following foreign defendant:

**Mr. Brian Greenspan**
**Attorney for Defendant, Peter Sabourin**
**15 Bedford Road**
**Toronto, Ontario, Canada**
**M5R2J7**

Attached please find a fully paid for FedEx waybill addressed to the recipient. In addition, there
are no barriers to service on the above named party as per the Hague Convention, and this
method of service is valid in Canada, and complies with F.R.C.P. 4(f)(2)(C).

If you have any questions, please feel free to contact the undersigned.

                        Very truly yours,



                        GREG-PATRIC MARTELLO,ESQ.

GPM/dls

December 17, 2007

J. Michael McMahon
Clerk of the Court
United States District Court
S.D.N.Y

**FedEx International Air Waybill**

From Sender's FedEx Account Number: 1238-1329-4

Sender's Name: Mardllo, CoMgwA  Phone: 516 228-3333

Company: + Olivieni

Address: 666 OLD COUNTRY ROAD

Address: SUITE 210

City: GARDEN CITY  State/Province: NY

Country: USA  ZIP/Postal Code: 11530

To Recipient's Name: MR BRIAN GREENSPAN (416) 868-1755

Address: 15 BEDFORD ROAD

City: TORONTO  State/Province: ONTARIO

Country: CANADA  ZIP/Postal Code: M5R 2J7

**4 Express Package Service** — FedEx Intl. Priority

**5 Packaging** — FedEx Envelope

**8 Your Internal Billing Reference:** FOR DAVID 4108.1

documents  $1 —

Total Declared Value: $1 USD

FedEx Tracking Number: 8611 3035 8595  Form ID No.: 040C

521

**Questions? Go to our Web site at fedex.com.**
Or in the U.S., call 1.800.247.4747. Outside the U.S., call your local FedEx office.

Track Shipments/FedEx Kinko's Orders
## Detailed Results

(?) Quick Help

| | | | |
|---|---|---|---|
| **Tracking number** | 861130358595 | **Reference** | FOR DAVID4108 1 |
| **Signed for by** | .SANDRA | **Destination** | TORONTO, ON |
| **Ship date** | Dec 20, 2007 | **Delivered to** | Receptionist/Front Desk |
| **Delivery date** | Dec 21, 2007 9:53 AM | **Service type** | Priority Envelope |
| | | **Weight** | 0.5 lbs. |

**Status**  Delivered

**Signature image available**  Yes

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| **Dec 21, 2007** | 9:53 AM | **Delivered** | TORONTO, ON | |
| | 9:22 AM | On FedEx vehicle for delivery | TORONTO, ON | |
| | 8:23 AM | At local FedEx facility | TORONTO, ON | |
| | 7:15 AM | Int'l shipment release | MISSISSAUGA, ON | |
| | 7:15 AM | Int'l shipment release | MISSISSAUGA, ON | |
| | 6:49 AM | At dest sort facility | MISSISSAUGA, ON | |
| | 5:48 AM | Shipment exception | NEWARK, NJ | Delay beyond our control |
| | 3:57 AM | Departed FedEx location | NEWARK, NJ | |
| | 12:24 AM | Arrived at FedEx location | NEWARK, NJ | |
| **Dec 20, 2007** | 9:03 PM | Picked up | NEW YORK, NY | |

Signature proof        E-mail results        Track more shipments/orders

Subscribe to tracking updates (optional)

**Your Name:** |

**Your E-mail Address:** |

| E-mail address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| | English | | ☐ |
| | English | | ☐ |
| | English | | ☐ |
| | English | | ☐ |

**Select format:**    HTML    Text    Wireless

**Add personal message:**

Not available for Wireless or non-English characters.

☐ By selecting this check box and the Submit button, I agree to these Terms and Conditions

Submit



**FedEx Express** FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

December 24, 2007

Dear Customer:

The following is the proof of delivery you requested with the tracking number **861130358595**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivery location: | TORONTO, ON |
| Signed for by: | .SANDRA | Delivery date: | Dec 21, 2007 09:53 |
| Service type: | Priority Envelope | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 861130358595 | Ship date: | Dec 20, 2007 |
| | | Weight: | 0.5 lbs. |

Recipient:
TORONTO, ON CA

Shipper:
GARDEN CITY, NY US

Reference

FOR DAVID4108 1

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339

# EXHIBIT "H"



# COMISSION SERVICE INC.

| Mail: P.O. Box 518 | Courier: 5047 Black River Road | Tel: (705) 645-4662 |
| Bracebridge, Ontario P1L 1T8 | Washago, Ontario L0K 2B0 | Fax: (705) 689-5329 |

October 31, 2007

Unitel Intelligence Group Inc.
17 Battery Place, Suite 1226
New York, N.Y.
10004-1101

Attn.: Bill Callahan

Dear Sir:

**Re:    Lori Claymont v. Peter Sabourin**

As per my telephone conversation with you I confirm we attended at 689 Evergreen Trail, Port Sydney, Ontario on October 11, 2007 and found the house to be vacant. The signs advised the house was in the care of AGC Inc. I confirm upon your contact with AGC Inc. that the home has been taken over by the bank and is no longer owned by Mr. Sabourin. Your assistant has advised that you no longer require our services at this time as you do not have a current address for Mr. Sabourin.

Enclosed please find all documents as provided for service and our invoice for all services rendered.

If you have any questions or concerns, or if we can by of any assistance in the future, please do not hesitate to contact us.

Yours truly,
COMISSION SERVICE INC.

Debbie Ann Hall
Law Clerk

Encl.