UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LORI CLAYMONT,

          Plaintiff,

  -against-

PETER SABOURIN, GEORGE IRWIN,
PATRICK KEAVENEY, SABOURIN
AND SUN CANADA, INC., 1261746
ONTARIO INC., SABOURIN AND SUN
GROUP OF COMPANIES, INC. (SSGC),
SABOURIN AND SUN INC., SUNSEEKER
GROUP, LTD., A BAHAMAS
CORPORATION, SABOURIN AND SUN BBI
TRUST, INTERVEST DIRECT INC., AND
OVERWEIGHT PEOPLE.COM, INC.,

          Defendants.
-------------------------------------------------------X

Docket No.: **07-CV-8246 (SAS)**

**MEMORANDUM OF LAW**

    Pursuant to Local Civil Rule 7.1 and the Individual Rules and Procedures of this Court the following Memorandum of Law is submitted in support of Plaintiff's Order to Show Cause seeking an extension of time, for service of process, for an additional one hundred and twenty (120) days as well as permission to serve Defendant PETER SABOURIN (hereinafter "SABOURIN") and the Defendant corporations SABOURIN AND SUN, INC., SABOURIN AND SUN CANADA, INC., 1261746 ONTARIO INC, SABOURIN AND SUN GROUP OF COMPANIES, INC. (SSGC), SABOURIN AND SUN, BBI TRUST, SUNSEEKER GROUP, LTD., A BAHAMAS CORPORATION, INTERVEST DIRECT INC., (hereinafter "SABOURIN COMPANIES")by court devised means, in this case by Publication of the Summons in a newspaper.

## **EXTENSION OF TIME FOR SERVICE**

Under the Federal Rules of Civil Procedure 4(m), the Plaintiff must serve the Summons and Complaint on the defendant within 120 days of the filing of the complaint. If the Plaintiff fails to do so the Court may at its discretion dismiss the case or allow for service to take place within a specified time, if good cause is shown for the failure. Mejia v. Castle Hotel, Inc., 164 F.R.D. 343 (1996) In addition, even if good cause is not shown the Federal Rules allow the presiding judge in their discretion to extend the time for service. Rupert v. Metro-North, 1996 WL 447745 at 2 (S.D.N.Y.)

The Summons and Complaint the case at bar was filed with the clerk on September 21, 2007. The deadline for service on the Defendants is January 21, 2008, 120 days from that filing. As explained in the attached application and affidavit the defendant SABOURIN has been on the run and despite numerous attempts the plaintiff has been until this point unsuccessful in their attempt to serve SABOURIN or SABOURIN COMPANIES through which SABOURIN offered his fraudulent investment scheme. As illustrated in the attached papers service was attempted personally at his last known residence, at the offices of Peter W.G. Carey the attorney who represented him in the "*Laiken*" civil matter in Canada, and through service by the clerk to Brian Greenspan the attorney allegedly currently representing SABOURIN in the ongoing matter before the Ontario Securities Commission. All of these attempts have failed and the defendant's current whereabouts are unknown. Also, the SABOURIN COMPANIES no longer exist as corporate entities. Considerable monies and effort have been expended in order to effect service on SABOURIN and SABOURIN COMPANIES, and it appears that it will not be possible before the January 21, 2008 deadline. Therefore, the above constitutes good cause shown for failure to

serve the summons and complaint within the prescribed time period and as such the court is well within its discretion to grant the extension asked for in the plaintiff's application for an Order to Show Cause. In addition, the Court instructed Plaintiff's attorney at the Preliminary Conference held on January 2, 2008, that this application should be made.

In the alternative, the defendant SABOURIN is a native of Canada and his last known address is in the province of Ontario. The defendant SABOURIN COMPANIES are entities formerly either incorporated under the laws of Ontario, Canada, or having their principal place of business therein. The defendants, SABOURIN and SABOURIN COMPANIES, are also currently the subjects of proceedings under the jurisdiction of the Ontario Securities Commission. Therefore, as foreign defendants, upon whom service is attempting to be made in a foreign country, the time limit provisions of Federal Rule 4(m) would not apply to them. As is stated in that rule, "This subdivision does not apply to service in a foreign country pursuant to subdivision (f)."

## COURT DEVISED SERVICE BY PUBLICATION UNDER RULE 4(f)(3)

Paragraph (3) of subdivision (f) is a catchall provision that enables the court on *ex parte* motion to devise a method of service on a foreign defendant responsive to the unique facts of the case. The only requirements are that the method be "directed by the court" and "not prohibited by international agreement". Ryan v. Brunswick Corp., 2002 WL 1628933 at 2 (W.D.N.Y.). In Ryan the court noted, "Courts have relied on FRCvP 4(f)(3) in authorizing alternative methods of service including, *inter alia*, service by fax, e-mail, ordinary mail and publication." Ryan, at 2

Any alternative method of service approved by the court must of course comport with due process by being "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections."

3

SEC v. Tome, 833 F.2d 1086,1093 (2d. Cir.1987) (Quoting Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 314 (1950). In SEC v. HGI, Inc., et al., 1999 WL 1021087 (S.D.N.Y.) the court said that, "service by publication may be permissible when service is otherwise impossible and when it is reasonable to conclude that the defendant is likely to read the newspaper in which the notice is published, particularly when the defendant is otherwise on notice that there may be a case pending against him. See SEC v. Tome, 833 F.2d at 1093. As mentioned in the Affidavit in Support of the Order to Show Cause, because the co-defendants and attorneys in other proceedings of SABOURIN have been noticed regarding this lawsuit it is likely that he knows of the existence of this suit against himself individually and SABOURIN COMPANIES, which were merely alter egos he used to defraud investors.

The catch all of court devised service under F.R.C.P 4(f)(3) seems tailor made for the case at bar. SABOURIN and SABOURIN COMPANIES are foreign defendants, located in a foreign country, Canada, whom the Plaintiff seeks to serve with the summons and complaint in this action. In fact, the Order of the Ontario Securities Commission attached as an Exhibit "B" to the Affidavit herein, has found that SABOURIN is a resident of Huntsville, Ontario. A number of attempts by various methods have already been made to serve SABOURIN and SABOURIN COMPANIES but have all been unsuccessful, as SABOURIN is evading service to the point that he has not been found at his last known address. The method of service by publication is not forbidden by any international agreement, and as a person whose last known address is in Huntsville, Ontario Canada, publishing such summons and notice of this lawsuit in a newspaper such as *Huntsville Forester* would certainly comport with the necessary due process requirements.

Therefore because of the unique facts of this case the Plaintiff respectfully requests that the Court direct that the Plaintiff be allowed to effect service on the defendants SABOURIN and SABOURIN COMPANIES by means of Publication under the catch-all provision of FRCP 4(f)(3).

        MARTELLO, LaMAGNA, & OLIVIERI, P.C.,

By: **Daniel R. Olivieri, (DRO9969)**
Attorneys for Plaintiff
666 Old Country Road
Suite 210
Garden City, New York
(516) 228-3333

Docket No. 07-CV-8246
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LORI CLAYMONT,

                                              Plaintiff,

                                            -against-

PETER SABOURIN, GEORGE IRWIN, PATRICK KEAVENEY, SABOURIN AND SUN CANADA, INC., 1261746 ONTARIO INC., SABOURIN AND SUN GROUP OF COMPANIES, INC. (SSGC), SABOURIN AND SUN INC., SUNSEEKER GROUP, LTD., A BAHAMAS CORPORATION, SABOURIN AND SUN BBI TRUST, INTERVEST DIRECT INC., and OVERWEIGHT PEOPLE.COM, INC.,

                                              Defendants.

---

## MEMORANDUM OF LAW

---

### MARTELLO LAMAGNA & OLIVIERI, P.C.

Attorneys for Plaintiff, Lori Claymont

666 Old Country Road, Suite 210
Garden City, NY 11530
(516) 228-3333

BY: _____
DANIEL R. OLIVIERI (DRO9969)